**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

**ANITA JEAN WEBB,**

       **Plaintiff,**

  **v.**                                **Case No. 4:21cv20**

**PARTY CITY CORPORATION,**             **JURY TRIAL DEMANDED**
**d/b/a Halloween City,**

**SERVE:**    **PARTY CITY CORPORATION**
          **Corporation Service Company, Registered Agent**
          **100 Shockoe Slip, Fl 2**
          **Richmond, VA 23219**

          **Defendant.**

## **COMPLAINT**

COMES NOW the plaintiff, Anita Jean Webb ("Webb" or "Plaintiff"), by counsel, and moves for judgment against the defendant Party City Corporation, d/b/a Halloween City ("Party City" or "Defendant") and alleges as follows:

### **Nature of Action**

1.     This is a suit for malicious prosecution arising out of the prosecution of the plaintiff for the felony of embezzlement under Virginia Code § 18.2-111, which ultimately was dismissed in a manner not unfavorable to the plaintiff, instigated maliciously and without probable cause by the defendant, not because of the existence of probable cause or a good faith belief that Plaintiff had embezzled, but rather in a bad faith, malicious effort to punish and scapegoat Plaintiff for an unexplained deficiency in cash on hand at Defendant's Halloween City

retail outlet at 12153 Jefferson Avenue, Newport News, VA 23602.

### Jurisdiction and Venue

2.      Jurisdiction is founded on diversity of citizenship and amount.  Plaintiff is a citizen of the Commonwealth of Virginia and the defendant is a corporation incorporated under the laws of the State of Delaware, having its principal place of business in Rockaway, New Jersey.  The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000, exclusive of interest and costs.  The venue is proper under 28 U.S.C. § 1391 in as much as the occurrence giving rise to this cause of action occurred within the Eastern District of Virginia. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, which provides district courts with jurisdiction over civil actions arising between citizens of different states.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).  Defendant's principal place of business Rockaway, New Jersey, and it was incorporated in the State of Delaware.

### Parties

4.      Plaintiff is a natural citizen residing in the City of Newport News, Virginia.

5.      Defendant Party City Corporation is a for-profit corporation that maintains, owns, and operates retail outlets in Newport News, Virginia.

### Facts

6.      From August 28, 2019 to September 15, 2019, Plaintiff was employed by Party City d/b/a Halloween City as a store manager at its 12153 Jefferson Avenue, Newport News, Virginia store ("The Store").  On September 15, 2019 Plaintiff was terminated by Party City for

reasons unrelated to the allegations herein.

7.       As manager of The Store, Plaintiff had knowledge of the combination to the safe at The Store in which cash deposits were kept ("The Safe").  Around September 13, 2019, Plaintiff had provided that combination to Stephanie Zeil, an assistant manager of The Store, because she was directed to by Party City District Manager Andrew Powers.  Unbeknownst to Plaintiff, and through no fault of Plaintiff, when she was terminated on September 15, 2019, there was a cash shortage in The Safe.

8.       On or about September 17, 2019, Claude Poucher, an employee of Party City, acting within the scope of his employment, sent Plaintiff an email under the subject "Missing deposits and money," stating "Please call me regarding the money you took from the store.  I'm willing to work with you to resolve this."  Within a few days, in response to that email, Plaintiff telephoned Mr. Poucher and left a voice mail message informing him that she had not taken any money from the store.

9.       Neither the defendant, nor Mr. Poucher, nor any other Party City agent contacted Plaintiff for further information.  Nor, despite knowing Plaintiff was not the only employee at The Store who had possessed The Safe combination, on information and belief, did Party City interview anyone about the missing cash, or make any attempt to investigate the missing cash, but instead caused two criminal warrants to be issued against and served on Plaintiff resulting in her arrest and prosecution for embezzlement of $121.13 on September 10, 2019 and $83.57 on September 15, 2019, in violation of Virginia Code § 18.2-111.  As a proximate cause thereof, Plaintiff was arrested, incarcerated for three days, and prosecuted.

10.      In support of such warrants, the defendant's agent, Powers Andrew Noble Curtis,

signed and submitted to the police an affidavit on September 25, 2019 in part falsely asserting as follows:

> On Monday 9-16-19 after terminating Anita Webb due to conflict of interest with another employee. I went to the office to the count the safe and cash on hand and make sure any and all bank deposits were present before handing access over to the next line of management. I discovered two deposits were missing from the safe. *At the time Anita Webb was the only one who had access to the safe.* (Emphasis added).

11.    Prior to signing and submitting said affidavit, neither the defendant or any of its agents attempted to ascertain whether the cash shortfall had resulted from a mere mistake. Prior to signing and submitting said affidavit, neither the defendant nor any of its agents involved in the prosecution attempted to ascertain whether another Party City employee had had possession of the combination The Safe prior to Plaintiff's termination, and/or had absconded with the missing money.

12.    The prosecution ended on terms favorable to the plaintiff (a *nolle prosequi* on each charge requested by the Commonwealth) after Plaintiff's court-appointed counsel  produced documentary evidence that at least one other Party City employee beside Plaintiff, had had possession of the subject safe combination prior to Plaintiff's termination.

13.    As a direct and proximate result of the Defendant having brought embezzlement charges against the plaintiff in bad faith and without reasonable cause to believe that she had committed a crime, Plaintiff suffered emotional distress, humiliation and embarrassment, lost her liberty and was subject to the intimidation of a prosecution, which exacerbated pre-existing mental health conditions, caused her to lose income because of interruptions in her employment status, and also caused her to incur medical care and medication expenses she would not

otherwise incurred.

## COUNT I

### Malicious Prosecution

14.     Plaintiff incorporates into this Count all allegations stated elsewhere in this Complaint as though fully stated herein.

15.     The defendant's conduct in falsely reporting that Plaintiff had embezzled funds set on foot a prosecution of the plaintiff that terminated in a manner not unfavorable to her.  The prosecution was instituted and procured by the defendant, and the prosecution was both without probable cause and malicious, designed to convict the plaintiff of crimes which Defendant had no probable cause to believe had been committed by the plaintiff.

16.     Defendant's actions were not an honest, good faith effort to see justice done, but were instead an intentional, malicious, bad faith course of conduct to scapegoat and to make an example of Plaintiff regardless of her guilt or innocence or even knowledge of whether a crime had in fact been committed.  The defendant maliciously used prosecution of the plaintiff as a cover-up and substitute for determining the actual reason for the cash shortfall.

17.     The arrest and prosecution of Plaintiff by Defendants and the continuation of the prosecution were without probable cause and were done maliciously and in bad faith and without probable cause. The prosecution terminated not unfavorably to Plaintiff.  As a proximate result of Defendant's actions Plaintiff has and will continue to suffer injury to reputation, economic loss, embarrassment, humiliation and emotional distress.

18.     In consequence, and as a proximate cause of the facts alleged herein, Plaintiff has been caused physical pain, humiliation, fear, anxiety, agitation, and embarrassment, has had to

seek psychological counseling, has fear of police, suffers from insomnia, and generalized insecurity.

**Prayer for Relief**

WHEREFORE, Plaintiff, Anita Jean Webb, moves this Court to enter judgment for her against the Defendant, Party City Corporation, d/b/a Halloween City, in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) as compensatory damages, THREE HUNDRED AND FIFTY THOUSAND DOLLARS ($350,000.00) in punitive damages; attorney's fees; costs of suit; and pre-judgment and post-judgment interest at the maximum rate(s) allowed by law on the entire judgment from the date of September 25, 2019 until paid.

**Plaintiff Demands Trial by Jury.**

Respectfully submitted,

ANITA JEAN WEBB


By:_ /s/ Jeremiah A. Denton III_____
            Of Counsel

Jeremiah A. Denton III, Esq., VSB #19191
Jeremiah A. Denton IV, Esq., VSB #83818
Denton & Denton
3300 South Building, Suite 208
397 Little Neck Road
Virginia Beach, VA 23452
Tel: 757/340-3232
Fax: 757/340-4505
jerry@jeremiahdenton.com
jake@jeremiahdenton.com